UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR00-184-TSZ |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| SATURNINO JOSEPH JAVIER, ) | ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant. ) | |
| ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on May 26, 2010. The United States was represented by AUSA Susan Roe and the defendant by Allen M. Ressler. The proceedings were digitally recorded.

Defendant had been sentenced on or about October 27, 2000 by the Honorable Thomas S. Zilly on a charge of Conspiracy to Import and Distribute 100 or More Kilograms of Marijuana, and sentenced to 87 months custody, 5 years supervised release. (Dkt. 242)

The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from possessing a firearm, submit to drug testing, participate in a substance abuse program, abstain from alcohol, submit to search, and provide

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

financial information to his probation officer upon request.

On October 10, 2007, the conditions of supervision were modified to require defendant to reside in a residential reentry program for up to 180 days. (Dkt. 465.)

On November 16, 2007, defendant admitted violating the conditions of supervised release by leaving the judicial district without permission, committing the crime of battery, committing the crime of delaying or obstructing a police officer, failing to report contact with law enforcement within 72 hours, and consuming alcohol. Defendant was sentenced to 11 days in custody with credit for time served, plus 36 months supervised release, with additional conditions prohibiting him from entering any establishment where alcohol is the primary commodity for sale, residence in a residential reentry center program for 30 days, and participation in a home confinement program with electronic monitoring for 90 days. (Dkt. 469.) Supervised release was modified on January 7, 2008 to require an additional 180 days of home confinement with electronic monitoring and sobrietor. (Dkt. 470.) Home confinement with electronic monitoring and sobrietor was required for an additional 120 days on June 12, 2009. (Dkt. 472.)

In an application dated April 20, 2010 (Dkt. 473, 474), U.S. Probation Officer Jerrod Akins alleged the following violations of the conditions of supervised release:

1.  Consuming alcohol on January 9, 2010, in violation of the special condition that he refrain from the use of alcohol during the term of supervision.

2.  Entering the bar at Nooksack River Casino on January 9, 2010, in violation of the special condition that he not enter any establishment where alcohol is the primary commodity for sale.

3.  Failing to report contact with law enforcement within 72 hours, in violation of

standard condition No. 11.

4. Consuming alcohol on February 27, 2010, in violation of the special condition that he refrain from the use of alcohol during the term of supervision.

5. Entering the bar at Nooksack River Casino on February 27, 2010, in violation of the special condition that he not enter any establishment where alcohol is the primary commodity for sale.

6. Associating with Robert Rabang, a convicted felon, in violation of standard condition No. 9.

7. Failing to report contact with law enforcement within 72 hours, in violation of standard condition No. 11.

8. Consuming alcohol on April 3, 2010, in violation of the special condition that he refrain from the use of alcohol during the term of supervision.

9. Entering the bar at Nooksack River Casino on April 3, 2010, in violation of the special condition that he not enter any establishment where alcohol is the primary commodity for sale.

10. Failing to report contact with law enforcement within 72 hours, in violation of standard condition No. 11.

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant admitted alleged violations 1-5, and 8-10, and waived any evidentiary hearing as to whether they occurred. The government moved to dismiss alleged violations 6 and 7.

I therefore recommend the Court find defendant violated his supervised release as alleged in violations 1-5 and 8-10, that the Court dismiss alleged violations 6 and 7, and that the Court

conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Zilly.

Pending a final determination by the Court, defendant has been released on the conditions of supervision.

DATED this 26th day of May, 2010.

_/s/ Mary Alice Theiler_
Mary Alice Theiler
United States Magistrate Judge

cc:   District Judge:          Honorable Thomas S. Zilly
      AUSA:                    Susan Roe
      Defendant's attorney:    Allen M. Ressler
      Probation officer:       Jerrod Akins

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -4